————o————

RICHARD L. POWERS, Respondent, *vs.* JOHN HURMERT, Appel-
lant.

1. *Lands—Condemnation of, for Railroads—Trepass.*—In proceedings for the
condemnation of land for railroad purposes, the reception by the owner of the
land of the money allowed by the commissioners on the condemnation, is not a
waiver of a trepass committed by the unauthorized entry and occupancy by the
agents of the road before the condemnation of the land had been perfected.

*Appeal from the Adair Circuit Court.*

*DeFrance and Halliburton,* for Appellant.

*Ellison and Ellison,* for Respondent.

There is no right to enter on an enclosure until the money
is actually paid in. (Walther vs. Warner, 25 Mo., 277–88–9–
90–91; Wag. Stat., 327, § 3.)

ADAMS, Judge, delivered the opinion of the court.

This is an action of trepass under the statute and was
brought before a Justice of the Peace and taken to the Circuit
Court by appeal.

In the Circuit Court the case was tried on the following
agreed case: "The parties agree to the following state of facts;
viz, that Richard L. Powers was the owner and possessor of
the fence in controversy, surrounding the land described in

plaintiff's complaint on the—day of—, and that afterwards on the—day of—, the Quincy, Missouri and Pacific Railroad Co. filed their petition in the Adair Co. Circuit Court against the plaintiff herein and others, asking the condemnation of a strip of said land 100 feet wide, and that commissioners be appointed to condemn and assess the damages occasioned to plaintiff by such condemnation. And that plaintiff appeared to said petition and that the court appointed commissioners for said purpose, and that said commissioners on the—day of—— went on to the land and viewed the same, and that said commissioners filed their report in the office of the Circuit Clerk of Adair Co., Mo., on the—day of— and that said report of said commissioners assessed plaintiff's damages at the sum of $200, and that defendant herein is a contractor for grading under said railroad company, and that after said report was filed and before the payment of the damages assessed, the defendant herein voluntarily threw down and opened and left down and open, as is charged in plaintiff's complaint, the fence of plaintiff on said 100 feet condemned by said commissioners, in grading the road of said company, to the plaintiff's damage of the sum of $10.00 and that afterwards on 20th day of January 1872, the said company deposited said $200 with the Clerk of the Circuit Court of Adair County, Mo., and that afterwards on the—day of January, 1872, the plaintiff herein received said sum of money and gave receipt therefor."

The Circuit Court on this statement gave judgment for the plaintiff.

The only question presented is whether the agreed case warrants the judgment. It is contended that the reception of the money allowed by the commissioners on the condemnation of the property was a waiver of the alleged trepass. It is agreed that the trespass was committed and the liability incurred before the condemation was perfected by the payment of the money. It may be remarked that the taking of private property for public use is in the nature of a forced sale. The owner is compelled to part with his property at the price assessed. The whole proceeding is *in invitum* and he is forced

,to take the assessed price, *nolens volens.* ,So in accepting the price which is forced on him he agrees to nothing, and waives no previous right that may have accrued to him, nor does the condemnation relate back so as to justify a previous trespass. Relation is sometimes allowed to prevent injustice, as when an attachment has been issued and levied without sufficient affidavit, and an amended affidavit is afterwards made it will relate back, so as to uphold the attachment and justify the previous levy. But, in that case the right to the attachment and its levy existed at the time and only lacked the formality of a sufficient affidavit. The right to invade the plaintiff's property had no existence till the condemnation was complete by payment of the assessed price. See Walther vs. Warner, 25 Mo., 277.

Judgment affirmed. Judge Wagner concurs. Judge Bliss absent.