Brawford v. Wolfe.

# BRAWFORD v. WOLFE *et al., Appellants.*

### DIVISION TWO.

1. **Widow**: ELECTION UNDER R. S. 1879, SEC. 2190: DESCENDANTS. The word *descendants,* as used in section 2190, Revised Statutes, 1879, authorizing a widow, where the husband dies without any child or other descendants, to elect to take one-half of the estate absolutely, subject to the payment of his debts, means those who descend in a direct line from the husband and does not include collateral or ancestral kinship.

2. **Probate Court, Judgments and Orders of.** The judgments and orders of probate courts, when acting within their jurisdiction, are as binding and conclusive as those of courts of general jurisdiction.

3. ——: APPOINTMENT OF ADMINISTRATOR. The appointment of an administrator by a probate court, acting within its jurisdiction, is not subject to collateral attack.

4. **Conveyance of Land**: INUREMENT OF TITLE: RELATION. The owner of land died leaving no descendants. His widow remarried and joined her second husband in a deed purporting to convey the land with covenants of warranty, after which she made her election under the statute ( R. S. 1879, sec. 2190 ) to take one-half of the land in lieu of dower. *Held* that the title acquired by the widow by her election did not inure to the benefit of her grantees, nor did her election operate by relation so as to give effect to her deed.

5. ——: ——: DEEDS OF QUITCLAIM AND RELEASE. The doctrine of inurement of after-acquired title does not apply at common law, nor under the statute (R. S. 1879, sec. 3940 ) to deeds of quitclaim or release merely.

6. **Election.** Where an election creates an interest, nothing will pass until an election is made and if it is not made no interest will arise.

7. **Conveyance:** RELATION. The application of the doctrine of relation in conveyances of land considered and stated.

*Appeal from Putnam Circuit Court.*—HON. ANDREW
ELLISON, Judge.

REVERSED.

*A. W. Mullins* for appellants.

( 1 )  The court erred in admitting in evidence the
proceedings had in the probate court of Putnam county,
Missouri, and the instrument called an election of Maria
Russell to take one-half of said real estate in lieu of
dower therein.  Said probate court had no jurisdiction
or authority to appoint the administrator or to take
control over the estate in any respect.  The deceased
was a non-resident of this state when he died.  There
were no debts or liabilities against him or his estate in
Missouri, and there was no personalty, debts or claims
of any kind, belonging to him, or in which his estate
was in anywise interested, in this state.  The action
taken in the probate court was, therefore, without
authority of law, and the evidence of the proceedings
there should have been excluded.  Schouler on Execu-
tors & Administrators, sec. 24 ; R. S., sec. 38 ; *Cham-
bers' Adm'r v. Wrights' Heirs*, 40 Mo. 482, 485 ;
*Aubuchon v. Lory*, 23 Mo. 99 ; *Gamble v. Gibson*, 59
Mo. 585 ; 1 Woerner on Adm., sec. 205, p. 440.  ( 2 ) The
deed from Mrs. Maria Russell and her present husband,
Robert R. Russell, to Hoskinson and Frankey is dated
December 21, 1875, and the probate court proceedings
occurred, and the "election" of Mrs. Russell to take
one-half of the real estate of her former husband in lieu
of dower was made, in the year 1881.  Even if these last-
named proceedings had been authorized by law—which
I insist were not—still such after-acquired right that
Mrs. Russell may have secured to herself did not, by
operation of law, under the statute and the doctrine of
inurement, become vested in her grantees, Hoskinson
and Frankey, or their grantee.  *Barker v. Circle*, 60

Mo. 258, 263; *Jackson v. Vanderheyden*, 17 Johns. 167; Bigelow on Estoppel [3 Ed.] p. 277.

*S. P. Huston* for respondent.

(1) Whenever any person dies leaving property in this state, the probate courts of this state have jurisdiction to appoint administrators. Otherwise, all the assets in this state might be removed from the state without payment of debts here existing. R. S. 1879 (latter clause), sec. 4; sec. 268, and following in art. 12, R. S. 1879. The fact that it may turn out that there are no debts cannot be considered in determining the jurisdiction to appoint an administrator. There could be no way to ascertain the fact, except through and after the appointment. Then the appointment of an administrator of the estate of Columbus C. Davis was legal. (2) The widow of Columbus C. Davis could only be endowed in real estate lying in this state under the laws of this state. (3) The election of the widow was equivalent to assignment and she can convey it or it can be seized and sold for her debts. (4) The fact that the decedent left brothers or their children did not deprive her of her right of election under the statute. R. S. 1879, sec. 2192. (5) When the deed was made, it was a contingent interest in the land perfected by her election, and by the well-settled rules of relation passing to the purchaser by the deed. It is not invoking the doctrine of estoppel to convey after-acquired title—that question is not in this case. The widow did not acquire any title after her conveyance; all that was done was in the way of ascertaining what she then had. In the case cited by appellant, *Jackson v. Vanderheyden*, 17 John. 167, the court say: "That though a deed with covenants of warranty by husband and wife of the wife's land would convey her real estate, or any existing or contingent future interest in it, yet such deed cannot operate as an estoppel to a title subsequently acquired." That is the true doctrine.

MACFARLANE, J.—Ejectment for possession of the northwest quarter of the northwest quarter, section 28, township 65, range 19, in Putnam county.

In March, 1865, Columbus C. Davis, a resident of the state of Kentucky, died, seized in fee of the land in suit, leaving his wife Maria, surviving him, but without children or other descendants. The widow afterwards, in December, 1867, married Robert R. Russell, and they continued to reside in that state. Defendant Hyde went into possession of the land in the year 1874. On the twenty-first day of December, 1875, Maria Russell and her husband executed and delivered to Hoskinson and Frankey a deed of general warranty to this land, which was recorded January 28, 1876. Letters of administration were granted by the probate court of Putnam county, on the estate of C. C. Davis, on the twenty-fourth day of February, 1881. The inventory of the administrator showed no other property than this land. There was no evidence that deceased owed any debts in this state or elsewhere. On the third day of March, 1881, Maria Russell, her husband joining her, made a declaration in writing, duly acknowledged before a notary public, electing to take one-half the real estate under section 2190, in lieu of dower. This election was sufficient in form, substance and execution, and was filed in the office of the probate court of Putnam county, March 8, 1881. Plaintiff claims title under deeds from Hoskinson and Frankey. C. C. Davis left brothers and sisters surviving him, or their descendants. It does not appear that anything further was done in the probate court in regard to the estate of C. C. Davis.

No declarations of law were asked or given, on behalf of plaintiff. Defendant asked a number of instructions, which were refused. These declared, in effect, that the widow of Davis had no right to make an election, if her deceased husband left father, mother, brother or sister surviving him; that the court had no jurisdiction to appoint an administrator on the estate of

Davis, and,. therefore, the election made by the widow was void ; that the election of the widow, if valid, did not inure to the benefit of her grantees, under her deed made prior thereto.   The case was tried by the court without a jury, and judgment was rendered for the plaintiff for an undivided one-half of the land.

I.   The statute ( R. S. 1879, sec. 2190 ) gives a widow the right, when her husband dies without any child, or other descendants in being capable of inheriting, in lieu of dower, to elect to take one-half the real and personal property belonging to the husband, at his death, absolutely, subject to the payment of the debts of the husband.   Webster defines descendants as " one who descends, as offspring, however remotely ; correlative to ancestor. "   Descendants, as used in the statute, mean those who descend in a direct line from the husband,— children, grandchildren, etc.   It does not apply to collateral or ancestral kinship.   C. C. Davis then leaving neither children, nor their descendants, his widow was entitled, in lieu of dower, to take one-half the land of which her husband died seized, situate in this state, upon making her election, in the manner and within the time provided by the statute.

II.   So far as appears from the record in this case, the action of the probate court of Putnam county was in all respects in compliance with the requirements of the statutes governing its procedure.   While these courts are of special and limited jurisdiction, the powers and duties conferred upon them are given to no other courts, and over such matters and proceedings as are conferred upon them, among which is the granting of letters of administration, the jurisdiction is general and exclusive.   Their judgments and orders, when acting within their authority, are conclusive, and are no more subject to collateral attack than are those of courts of general jurisdiction.   The appointment of the administrator of Davis then is conclusive in this action, and cannot be called in question.   *Johnson v. Beasley*, 65 Mo.

252 ; *Scott v. Crews,* 72 Mo. 262 ; *Sims v. Gray,* 66 Mo. 614.

III.   The question of most difficulty is to determine the effect the election made by the widow of Davis, to take one-half of the land in lieu of dower, had, when taken in connection with her previous conveyance. Plaintiff insists that the title to one-half the land, upon filing her election by the widow, passed to, and vested in, the grantee under the deed previously made ; that if the title secured by the widow, by her election, did not inure to her grantees, then it did vest in them by operation of the doctrine of relation.

This deed from Mrs. Russell and her husband, made some years before her election, undertook to convey to her grantees an indefeasible estate in fee simple to the land in question.   Section 3940, Revised Statutes, 1879, declares that in case such a deed is made, if the grantor did not have the legal title to the land conveyed, but should afterwards acquire it, the legal estate, subsequently acquired, should immediately pass to the grantee.   Section 669, Revised Statutes, 1879, provides, that " A husband and wife may convey the real estate of the wife, and the wife may relinquish her dower in the real estate of her husband, by their joint deed, acknowledged and certified as herein provided ; but no covenant, expressed or implied in such deed, shall bind the wife, or the heirs, except so far as may be necessary, effectually, to convey from · her and her heirs all her right, title and interest, expressed, to be conveyed therein."   When any person having title to real estate shall die intestate, it shall descend to his kindred, male and female, subject to the payment of debts and the widow's dower.   R. S. 1879, sec. 2161.   When the husband shall die, without any child or other descendants, his widow shall be entitled to one-half his real estate, subject to the payment of his debts.   R. S. 1879, sec. 2190.   To secure the rights conferred in this section, the widow is required to elect by declaration in writing, and the provision is in lieu of

Brawford v. Wolfe.

dower. R. S. 1879, sec. 2194. These are the statutory provisions bearing upon the questions in this case.

If the title acquired by the widow, through her election, inured to the benefit of, or vested in, the grantees in her deed of conveyance, in which she was joined with her husband, it was either by virtue of the equitable principles of estoppel, or by the operation of the statute. Sec. 3940, *supra.* The statute is but a recognition of the common-law doctrine of estoppel, and both may be considered together.

The doctrine of inurement, whether under the statute or at common law, is raised upon the covenants of title contained in the deed, under which it operates. So it is held that the doctrine does not apply at common law to a deed of quitclaim or release merely. *White v. Patten,* 24 Pick. 324; *Jackson v. Bradford,* 4 Wend. 622; *Dart v. Dart,* 7 Conn. 256; *Chew v. Barnett,* 11 Serg. & Rawle, 389. To the same effect have been the rulings of this court in respect to its operation under the statute. The statute does not intend "that a quitclaim deed, although it uses language to pass the fee and not any smaller estate, would, therefore, pass a new title not belonging to the grantor, when he makes the deed. It was hardly intended to apply to a deed conveying all right, title and interest of the grantor." Such a deed is not supposed to be within the contemplation of the section, because it does not purport to convey an estate in fee simple absolute. *Bogy v. Shoab,* 13 Mo. 378; *Valle v. Clemens,* 18 Mo. 486; *Rector v. Waugh,* 17 Mo. 22; *Gibson v. Chouteau,* 39 Mo. 566; *Butcher v. Rogers,* 60 Mo. 139; *Kimmel v. Benna,* 70 Mo. 52.

Under the statute, the wife is not bound upon her covenants contained in the deed, except so far as may be necessary effectually to convey from her and her heirs all her right, title and interest in the land at the time the deed was made. By the terms of the statute, her deed is, in its effect, whatever its form, simply a

quitclaim of all her existing right, title and interest. Such being the effect of the deed, the rulings of the court in regard to inurement, under quitclaim deeds, would apply to her deed, regardless of its form or covenants.  And such I understand to be the rulings of this court.  *Barker v. Circle*, 60 Mo. 259; *Reese v. Smith*, 12 Mo. 348; *Bank v. Robidoux*, 57 Mo. 446.

But Mrs. Russell would be bound, under her covenants, to the extent of conveying all the title she had when she made the deed.  This leads to the inquiry as to what title or interest she had in the land, upon the death of her husband.  The widow, at common law and under our statute, has dower in the lands of which her husband dies seized.  The law invests her with this right without election or other act on her part, and this is all the law does invest her with, unless she, herself, does some act required by law.  Upon the death of the husband the title to the land, under the laws of descent in this state, passed to and vested in his next of kin, subject to the widow's right of dower.  If the title vested in the heir, it did not vest in the widow.  At the time the conveyance was made the title was in the heir, one-half thereof subject to be divested, and vested in the widow, upon making and filing her election in the manner and within the time pointed out and prescribed by law.  When her election is properly made, she loses her dower right altogether, and becomes seized in lieu thereof of an estate in the land.  Previous to her election she had no estate, but merely a right in action — a right to have her dower assigned and set off to her out of the land.

The right to elect was a mere personal right, which she could exercise or not, at her pleasure, and, by the exercise of which, she was enabled to acquire an interest in the land.  This right was not in itself an interest, and upon filing her election she became invested with a new and independent estate, as much so as if it had been acquired by deed from the heir.  "It is obvious that,

when a right grows out of an election, it cannot arise or come into existence until an election is actually made." *Welch v. Anderson*, 28 Mo. 298. "The doctrine is, that when an election creates the interest, nothing will pass until an election is made; and, if no election can be made, no interest will arise." *Hamilton v. O'Neil*, 9 Mo. 11, citing *United States v. Grundy*, 3 Cranch, 337. See, also, *Matney v. Graham*, 50 Mo. 562.

The interest, then, acquired by Mrs. Russell, through means of her election, did not, either by virtue of the statute or the common-law principles of estoppel, inure to the benefit of her grantees, and plaintiff had no such title as would authorize a recovery in this suit, unless such title was acquired by reason of the operation of other legal principles.

It does not seem that counsel for plaintiff insists, with much confidence, on an acquisition of title from the election by the widow, on the ground of inurement, either at common law or under the statute; but does, with much ingenuity of argument and earnestness, insist that, when the election was made, it took effect by relation, as of the date of the execution of the deed. We do not think the contention can be sustained on any well-recognized principles of law.

"By the doctrine of relation is meant that principle by which an act done at one time is considered, by fiction of law, to have been done at some antecedent period. It is usually applied where several proceedings are essential to complete a particular transaction, such as a conveyance or deed. The last proceeding, which consummates the conveyance, is held, for certain purposes, to take effect by relation, as of the day when the first proceeding was had. * * * The doctrine of relation is a fiction of law, adopted by the courts solely for the purposes of justice, and is only applied for the security and protection of persons who stand in some privity with the party that initiated proceedings for the land and acquired the equitable claim or right to the

title." *Gibson v. Chouteau,* 13 Wall. 100; *Heath v. Ross,* 12 Johns. 140; *Powers v. Hurmert,* 51 Mo. 136; *Slagel v. Murdock,* 65 Mo. 525.

It will be seen that the doctrine only applies when there are two or more concurrent acts required to make a conveyance or perfect a right. The first act in the series is preferred, and the last, which perfects the conveyance or right, is, by fiction of law, taken as of the date of the first, and thus injustice is prevented by cutting off wrongful intervening claims of parties and privies, and others having notice. Each successive act or proceeding must have reference to the other, and reference to the common conclusion or result. The validity or sufficiency of the right or title is not created or acquired by the doctrine, but the acquired rights are merely protected thereby.

The very question in this case is, whether the grantees of Mrs. Russell acquired the title to the land by virtue of the deed and election made by her. If they did not, then the doctrine of relation did not apply. It can only affect the time at which the consummated acquisition of the title should be deemed to have taken effect. It is applied, not to give strength to the title, but to prevent injustice, and to preserve rights acquired and protect acts done between the initiatory and final act or proceeding.

At the time of the execution of this deed, Mrs. Russell had no interest in the land, except an unassigned right of dower. When she made her conveyance there was nothing upon which it could operate except this dower, which, at common law, she could neither assign nor convey. 2 Scrib. on Dower, p. 40, sec. 33, and authorities cited. The deed was an independent act. The election another independent act. The two did not constitute successive acts. The latter was not a consummation of the former.

In no way the facts can be considered, does the doctrine of relation apply. The jury should have been

instructed that the election by the widow did not vest in her grantees any additional title than that possessed by them prior thereto, as was requested by defendant in the seventh instruction.

Judgment reversed.   All the judges of this division concur.