**UNITED STATES of America,
Plaintiff,**

v.

**Hugh W. RUSSELL, County Assessor of
Pittsburg County, Oklahoma et al.,
Defendants.**

Civ. No. 5839.

United States District Court
E. D. Oklahoma.

Dec. 19, 1966.

ies received by said defendants with reference to said property.

The defendants Leonard Smith and Lois L. Smith claim title to the land through a tax sale and a conveyance to them from the Board of County Commissioners of Pittsburg County, Oklahoma, and 12 Oklahoma Statutes § 93 (3),[2] and also they claim title by virtue of their open, notorious, hostile and adverse possession of the land for over fifteen years under color of title from said Board of County Commissioners pursuant to 12 Oklahoma Statutes § 93(4).[3] In the alternative, in the event their title cannot be sustained, the defendants Smith cross-claim against the County Treasurer of Pittsburg County to recover the real estate taxes they have paid the county under the Board of County Commissioners' conveyance for the years 1944 to 1965, inclusive.

Pittsburg County contends that the property was taxable by the county and that the defendants Smith have good title but conceded in open Court by the County Attorney during the trial that the defendants Smith are entitled to recover the real estate taxes they have paid on the land in the event their title fails as against the plaintiff.

All other defendants have either disclaimed any right, title or interest in the property or are in default. The latter

Bruce Green, U. S. Atty., Muskogee, Okl., for plaintiff.

Geo. L. Hill, J. Edwin Carman, County Atty., McAlester, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

The United States of America as plaintiff herein sues to quiet title to approximately 161.83 acres of land in Pittsburg County, Oklahoma, claimed to be held by it in trust for the Choctaw and Chickasaw Nations.[1]

The plaintiff also seeks to recover from the defendants Leonard Smith and Lois L. Smith the reasonable rental value of the land while used by them and a sum equal to all oil and gas lease mon-

1. The legal description of this land is as follows:
The east half of the northwest quarter and Lots 1 and 2 of Section 31, Township 2 North, Range 16 East, County of Pittsburg, State of Oklahoma, containing 161.-83 acres, more or less.

2. This statute reads in part as follows:
"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter: * * *
(3) An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed, except where lands exempt from taxation by reason of any Act of the Congress of the United States of America have been sold for taxes, in which case there shall be no limitation; provided, nothing herein shall be construed as reviving any cause of action for recovery of real property heretofore barred nor as divesting any interest acquired by adverse possession prior to the effective date hereof. * * * *"

3. This statute reads in part as follows:
"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter: * * *
(4) An action for the recovery of real property not hereinbefore provided for, within fifteen (15) years."

are hereby adjudged in default and to possess no right, title, or interest in the property.

 From the evidence presented the Court finds that the land at all times has been and is unallotted Tribal land belonging to the Choctaw and Chickasaw Nations and held in trust for them by the United States. It has never been allotted nor has a patent issued on the same. Lands are not taxable by a State while held in trust for Indians by the United States. McCurdy v. United States, 264 U.S. 484, 44 S.Ct. 345, 68 L.Ed. 801 (1924). State statutes of limitation neither bind nor have any application to the United States when suing to enforce a public right or to protect interests of its Indian wards. United States v. State of Minnesota, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539 (1926). However, in 1920 a Certificate of Purchase was issued by the Department of Interior to one J. N. Phelan who paid 25% of the purchase price at the time his bid was approved and the Certificate of Purchase issued.[4]

---

4. This Certificate of Purchase reads as follows:

Tract No. 1842 Pittsburg County, Oklahoma Certificate No. 542

DLN JDF.

DEPARTMENT OF THE INTERIOR
OFFICE OF THE
SUPERINTENDENT FOR THE FIVE CIVILIZED TRIBES.
CERTIFICATE OF PURCHASE.

Regulations approved August 20, 1919.
Muskogee, Oklahoma, March 1920.

THIS CERTIFIES, That the bid of $2467.91 made on the 26th day of November, 1919, by J. N. Phelan of Ardmore, Oklahoma, for the purchase of the

E2 of NW4; and Lots 1 and 2 of Section 31, Township 2
North, Range 16 East, County of Pittsburg, State of
Oklahoma, containing 161.83 acres, more or less, being
a portion of the unallotted lands of the Choctaw Nation,

has been approved, and that there has been paid by said bidder the sum of Six Hundred Seventeen Dollars ($617.00) being 25 per cent of the purchase price.

The said bid was approved subject to the following terms:

The balance of the purchase price is to be payable in three equal annual installments of twenty-five per cent each, payable in one, two and three years respectively from date of sale; all deferred payments to draw five per cent interest from date of sale. All of the purchase money may be paid, however, at the time of sale or at any time before due, interest to be computed to date of payment.

The acceptance of any sum or sums as payment on the purchase fee is subject to the condition that the Secretary of the Interior shall set aside and vacate any proposed sale for failure to pay any part of the purchase price or interest thereon when due, and also in such cases to forfeit to the nation or nations in interest any or all purchase money paid, including the money paid as a guarantee of good faith.

That the said J. N. Phelan is entitled to the immediate use and possession of the said land but no timber shall be cut and removed therefrom nor the land drilled for oil or gas or any mineral taken from it until the full purchase price has been paid, under penalty of forfeiture of all right under such purchase and all sums paid thereunder.

Upon the final payment of the purchase price patent will issue.

Gabe E. Parker, Superintendent for the
Five Civilized Tribes.

STATE OF OKLAHOMA, PITTSBURG CO.

I hereby certify that this instrument was filed for record in my office at 8 o'clock A. M., May 26, 1920 and is duly recorded in book 13 Page 526–7.

W. J. Kindrick, County Clerk.

On September 16, 1924, the said Certificate of Purchase was cancelled by the Secretary of the Interior for nonpayment of the three remaining annual 25% payments due from J. N. Phelan. In view of the issuance of said Certificate of Purchase it is urged herein by the defendants that the two well recognized rules of law set out above do not apply and that the property became taxable by Pittsburg County and subject to state statutes of limitation.

■ The Court finds and concludes, however, that the property was not taxable by Pittsburg County for the reason that the consideration prescribed in the Certificate of Purchase was never fully paid and therefore title to the land never left the plaintiff and as unallotted Tribal land the same was not taxable by Pittsburg County, Oklahoma, notwithstanding the issuance of the Certificate of Purchase to J. N. Phelan. The case of Lederman v. Bodovitz et al., 198 Okl. 276, 177 P.2d 1002 (1947), has decided this precise issue favorably to the plaintiff and no authority to the contrary has been cited by the defendants. An examination of the Certificate of Purchase itself reveals that by its terms a transfer of the title to the land involved was not effected or intended to be effected by such instrument. The above case provides that under a Certificate of Purchase the property involved is not taxable by the State until "the consideration [is] fully paid to the United States." The consideration never having been fully paid and the Certificate of Purchase duly cancelled the property involved herein never became taxable by Pittsburg County.

Thus the claim of the defendants that defendants Smith have good title through the tax sale and consequent conveyances cannot be upheld. The taxing of the property by Pittsburg County, the tax sale which followed, and all conveyances resulting or flowing therefrom are declared to be void. Lederman v. Bodovitz et al., supra. Moreover, the State statutes of limitation (12 Oklahoma Statutes § 93(3)) have no application to the United States when suing to protect interests of its Indian wards. United States v. State of Minnesota, supra.

■■ With reference to 12 Oklahoma Statutes § 93(4), from the evidence presented, the Court finds that the defendants Smith have held the land in adverse possession for over twenty years but that title cannot be obtained against the plaintiff or the Choctaw and Chickasaw Nations by adverse possession under such Oklahoma law. The defendants contend that Section 2 of the Act of April 12, 1926, 44 Stat. 239, authorizes the application herein of the Oklahoma Statutes of Limitation (12 Oklahoma Statutes § 93). But by the clear language of 44 Stat. 239 the United States Congress has limited the application of the same to "restricted Indians." Any law imposing a statute of limitations against the United States is to be narrowly and strictly construed. Independent Coke & Coal Co. v. United States, 274 U.S. 640, 47 S.Ct. 714, 71 L.Ed. 1270; Lewis v. Moore, (Tenth Cir. 1952) 199 F.2d 745. This land has never been allotted or conveyed to a restricted Indian. It is not shown that a restricted Indian ever owned the land or appeared in the chain of title thereto. To the contrary it appears and the Court finds that this land is unallotted Tribal land, has never been allotted nor conveyed to a restricted Indian and a restricted Indian does not appear in the chain of title.

The Court, therefore, finds and concludes that 44 Stat. 239 does not apply herein; that the plaintiff and Choctaw and Chickasaw Nations are not subject to the Oklahoma Statutes of Limitation and title to the land involved herein cannot be acquired by adverse possession against them or either of them under the Oklahoma Statutes of Limitation. United States v. State of Minnesota, supra. The claim of the defendants Smith in this regard is therefore rejected.

It follows, then, that the defendants Smith are entitled to recover from the County Treasurer of Pittsburg County, the real estate taxes they have paid on said land during the period 1944 through

1965, inclusive, in the stipulated amount of $203.41. The plaintiff is entitled to recover from the defendants Smith the sum of $241.50 which the defendants Smith have received in oil and gas lease monies for the property. Under the evidence the Court finds that the property, which is rough, mountainous land and capable at best of supporting but ·five cows a year and also being subject at all times pertinent herein to open range grazing had no reasonable rental value and the claim of plaintiff to such is denied.

Judgment should, therefore, be entered in accordance with the foregoing. Counsel for the plaintiff will prepare the judgment and after obtaining the approval of counsel for the defendants Smith and Pittsburg County will submit the same to the Court for signature and entry. Rule 58, Federal Rules Civil Procedure, 28 U.S.C.A.