## REED v. CLINTON *et al.*

No. 2198, Okla. T.  Opinion Filed May 12, 1909.

(101 Pac. 1055.)

**INDIANS—Allotments—"Heirs."**  In the provisions of section 5 of the act of Congress approved February 8, 1887, (24 Stat. 389, c. 119; 1 Supp. Rev. St. p. 535; 3 Fed. St. Ann. p. 494), a white person is not excepted from the term "heirs" of such allottee

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; B. F. Burwell, Judge.*

Action by Louise Reed against John Clinton and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*W. S. Pendleton,* for plaintiff in error.

*J. H. Wood,* for defendants in error.

WILLIAMS, J.. The only question involved in this case is as to whether or not the conveyance from the defendant in error, John Clinton, to the father of the plaintiff in error, was valid. Section 5 of the act of Congress approved February 8, 1887 (24 Stat. 389, c. 119; 1 Supp. Rev. St. p. 535; 3 Fed. St. Ann. p. 494), provides:

"That upon the approval of the allotments provided for in this act by the Secretary of the Interior, he shall cause patents to issue therefor in the name of the allottees, which patents shall be of the legal effect, and declare that United States does and will hold the land thus allotted, for the period of twenty-five years, in trust for the sole use and benefit of the Indian to whom such allotment shall have been made or, in case of his decease, of his heirs according to the laws of the state or territory where such land is located, and that at the expiration of said period the United States will convey the same by patent to said Indian, or his heirs as aforesaid, in fee, discharged of said trust and free of all charge or incumbrance whatsoever: Provided, that the President of the United States may in any case in his discretion extend the period. And if any conveyance shall be made of the lands set apart and allotted as herein provided, or any contract made touching the same, before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void." (See *Goodwin v Buffalo,* 162 Fed. 817, 89 C. C. A. 525.)

The plaintiff in error insists that because the defendant in error is a white person, and not an Indian by blood, although he was a member by adoption of said tribe of Indians, such restrictions would not operate as to him, but that it was the intention of Congress not to include in the term "heirs" white persons, although members of said tribe. The clause, "if any conveyance shall be made of the lands set apart and allotted as herein provided, or any contract made touching the same, before the ex-

piration of the time above mentioned, such conveyance or con-tract shall be absolutely null and void," when considered in con-nection with the entire section, is plain and unambiguous. We are not permitted to look at the purpose for which the statute may have been passed, with a view of overturning the plain terms of the statute as expressed.

The judgment of the lower court is affirmed.

All the Justices concur.