GRAVELLE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918.)

No. 5087.

INDIANS ☞13—ALLOTMENT—SELECTION.

As Act Feb. 8, 1887 (Comp. St. 1916, § 4195 et seq.), Act Jan. 14, 1889, and Act April 28, 1904, do not require the distribution of all lands embraced in the White Earth reservation, reservation of land by the Secretary of the Interior in accordance with the treaty of 1867 for an agency farm, etc., will not be reviewed, and, there being other land, an Indian is not entitled to select such land as an allotment.

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by Annie Fairbanks Gravelle against the United States. From a decree for the United States, complainant appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

George B. Edgerton and Charles N. Dohs, both of St. Paul, Minn., for appellant.

Alfred Jaques, U. S. Atty., of Duluth, Minn., and Francis J. Kearful, Asst. Atty. Gen., and Leslie C. Garnett, of Matthews, Va., for the United States.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

HOOK, Circuit Judge.   This is an appeal by Annie Fairbanks Gravelle from a decree denying her right to an allotment of a particular 80-acre tract of land in the White Earth Indian reservation in Minnesota.   She is a mixed-blood Indian of the Mississippi band of Chippewas and resided on the reservation.   Under the treaty of 1867 (16 Stat. 719) and subsequent acts of Congress she was entitled to 160 acres of the lands in the reservation, half of which had been allotted to her before the present controversy arose.   In February, 1901, the Secretary of the Interior reserved from allotment a large tract of land in the reservation, including the 80 acres in controversy, for administrative and school purposes, and particularly the 80 acres as an agency farm and pasture.   Notwithstanding this the appellant in May, 1916, selected it, and insisted that it be set apart to her to complete her allotment right.   She contended that the withdrawal of the land by the Secretary was without authority of law.   The trial court held otherwise.

Of course, the Secretary of the Interior has no power to defeat the purpose of an act of Congress directing the disposition of Indian lands, but as the general representative of the government in its relation to the Indians there is much that he may consistently do to carry out its policy towards them while they are still in a state of dependence, and especially in fulfilling its continuing treaty obligations.   While the acts of Congress bearing on the present case (Act Feb. 8, 1887, c. 119, 24 Stat. 388 [Comp. St. 1916, § 4195 et seq.]; Act Jan. 14, 1889, c. 24, 25 Stat. 642; Act April 28, 1904, c. 1786, 33 Stat. 539) do not expressly authorize the Secretary to withhold from allotment any part of the White Earth reservation, on the other hand, they do not require the distribution of the entire 36 townships of land embraced in it.   Undoubtedly there was a substantial surplus after the completion of the allotments to all entitled.   At any rate there is no question here of an insufficiency in quantity or quality created by the withdrawal by the Secretary.

The treaty of 1867 made provisions, rather comprehensive for that period, for the establishment of schools and the promotion of agriculture on the reservation, and pledged substantial aid by the government for those objects.   We need not recite in detail what has been done in fulfillment of the treaty.   It is sufficient to say that in the years following extensive buildings and other facilities have been provided for the education of the Indians and their instruction in the arts of husbandry.   The setting apart of 80 acres for an agency farm and pastures fits well within the treaty, and is not inconsistent with the allotment statutes.   It is for the common benefit of all the In-

dians of the reservation, like schools for a city or an agricultural college and farm for a state, and not merely for part of them, as was the case in Leecy v. United States, 111 C. C. A. 254, 190 Fed. 289. The quantity reserved does not appear unreasonable for the purpose, and the location was for the judgment of the Secretary of the Interior, which the courts will not review. That the tract reserved has not yet been used as an agency farm and pasture is unimportant. A view of future needs was permissible, especially when they might be defeated by individual selections and allotments.

The decree is affirmed.