## CHILDERS, STATE AUDITOR, v. BEAVER ET AL.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA.

No. 202. Argued March 9, 1926.—Decided April 12, 1926.

1. Transfer by descent from one tribal Indian to another of land allotted and patented by the United States to the ancestor with a prohibition against alienation, is not taxable by the State where the land lies, during the restriction on the title. P. 558.

2. Inheritance in such cases is under the acts of Congress, by which heirs are determined by the Secretary of the Interior, the State law being adopted as the expression of the will of Congress. P. 559. 300 Fed. 113, affirmed.

APPEAL from a decree of the District Court restraining the appellant, Auditor of the State of Oklahoma, from attempting to collect state inheritance taxes by recourse to appellees' lands.

*Mr. J. Berry King*, Assistant Attorney General of Oklahoma, with whom *Messrs. George F. Short*, Attorney General, *Leon S. Hirsh*, Assistant Attorney General, and *C. H. Nicholas* were on the brief, for appellant.

Members of the Quapaw Tribe, residing in Oklahoma, are citizens of the State, and, as such, their right to transfer and receive property after death has its inception in, and is regulated by, the laws of Oklahoma governing decedents' estates. By the Act of April 28, 1904, c. 1824, 33 Stat. 573, the laws of descent of Arkansas were specifically "extended in their operation, so as to embrace all persons and estates" in Indian Territory. By the Enabling Act, the Arkansas law was superseded, and the courts of Oklahoma succeeded to the jurisdiction over Indian estates. *Jefferson v. Fink*, 247 U. S. 288; *In re Pigeon's Estate*, 81 Okla. 180; *Teague v. Smith*, 85 Okla. 12; *Harrison v. Harrison*, 87 Okla. 91; *Graves v. Jacobs*, 92 Okla. 62.

The Federal Government is without authority to control the devolution of estates in Oklahoma. *United States v. Harris*, 106 U. S. 629; *McCulloch v. Maryland*, 4 Wheat. 316; *Grafton v. United States*, 206 U. S. 333; *United States v. Ohio Oil Co.*, 234 U. S. 548; *Hammer v. Dagenhart*, 247 U. S. 241; *Slaughterhouse Cases*, 16 Wall. 36. Section 1 of the Oklahoma Enabling Act, specifying that the Government should have plenary authority over the Indians, did not operate to confer upon the Federal Government the power to exempt from state charges the property of Indians in this State. *Coyle v. Oklahoma*, 221 U. S. 559; *McNulty v. Beatty*, 10 How. 71; *Hawkins v. Bleakley*, 243 U. S. 210; *Kansas v. Colorado*, 206 U. S. 95. Though Congress has some authority over the Indians,

such power may not be extended by act of Congress in the form of an enabling act, nor may the delegated power of Congress be increased by consent of a State. In *United States* v. *Fox,* 94 U. S. 315, it was said that " the title and modes of disposition of real property, within a State, whether *inter vivos* or testamentary, are not matters placed under the control of federal authority." The admission of Oklahoma as a State terminated all federal laws of descent and distribution theretofore in force in Indian Territory, irrespective of the provisions of the Enabling Act. The State is sovereign in all those particulars wherein it has not joined in the general delegation to the Federal Government. See *McCormick* v. *Sullivant,* 10 Wheat. 192; *Segley* v. *Car Co.,* 120 U. S. 580; *United States* v. *Perkins,* 163 U. S. .625; *Snyder* v. *Bettman,* 190 U. S. 249; *Wilcox* v. *Jackson,* 13 Pet. 498; *Langdon* v. *Sherwood,* 124 U. S. 74; *O'Callighan* v. *O'Brien,* 199 U. S. 99; *Ellis* v. *Davis,* 109 U. S. 485; *Knowlton* v. *Moore,* 178 U. S. 43; *Plummer* v. *Coler,* 178 U. S. 115; *Sunderland* v. *United States,* 266 U. S. 226.

That the property is exempt from taxation does not prevent the operation of the succession tax law upon the devolution of the estate. *Plummer* v. *Coler,* 178 U. S. 115; *Pollock* v. *Farmers' Loan & Trust Co.,* 157 U. S. 537; *Wallace* v. *Myers,* 38 Fed. 184; *Estate of Sherman,* 153 N. Y. 1; *Strode* v. *Commonwealth,* 52 Pa. 181; *United States* v. *Perkins,* 163 U. S. 625.

The lands were allotted to the Indians while Congress had plenary authority over the territory, and Congress contracted an exemption from taxation on the land which could not be impaired by the Enabling Act. *Choate* v. *Trapp,* 224 U. S. 665. Such restriction, no doubt, confers upon the Federal Government an interest in the land during the lifetime of the allottee, but not thereafter, because the Federal Government has no more right to entail lands in a State than any individual. *Van Brocklin* v. *Anderson,* 117 U. S. 151.

The necessary conflict between the right of the States to collect revenue for state purposes and the right of the Federal Government to exempt for its purposes requires that the right to exemption be recognized only on those cases where the subject matter is a proper, vital, and necessary governmental function, such as the holding of lands for postoffices, forts, arsenals, and the like. But the power residing in the Federal Government to assume control over, and withdraw from taxation, the rights or property of citizens of a State, when exercised or located within the State, must necessarily be limited. See *South Carolina* v. *United States,* 199 U. S. 437. The conflict between the right of the Federal Government to tax and the right of the State to exempt, likewise exists between the right of the State to tax and the right of the Government to exempt. Madison, Annals of Congress, Vol. 1, p. 455; Hamilton, State Control of Local Taxation; The Federalist, No. 31; *Western Union* v. *Attorney General of Massachusetts,* 125 U. S. 530.

*Mr. Joseph W. Howell* for appellees.

Mr. Justice McReynolds delivered the opinion of the Court.

See-Sah Quapaw, a full-blood Quapaw Indian woman, died March 4, 1920. She owned certain duly allotted lands in Oklahoma, patented by the Secretary of the Interior September 26, 1896, and declared to be " inalienable for a period of twenty-five years " thereafter—all as provided by the Act of March 2, 1895, c. 188, § 1, 28 Stat. 876, 907. Following the state statute of descent, the Secretary declared that the only heirs were her husband, and brother—John Beaver and Benjamin Quapaw—full-blood Quapaws. Act June 25, 1910, c. 431, § 1, 36 Stat. 855. *Henrietta First Moon* v. *Starling White Tail,* 270 U. S. 243. Restrictions upon the land were continued

for another twenty-five years by the Act of March 3, 1921, c. 119, § 26, 41 Stat. 1225, 1248.

Apparently appellant supposed that the lands passed to the heirs by virtue of the laws of the State and were subject to the inheritance taxes which she laid. He accordingly demanded their payment of appellees and threatened enforcement by summary process and sale of the lands. The court below held that the State had no right to demand the taxes and restrained appellant from attempting to collect them.

The duty of the Secretary of the Interior to determine the heirs according to the State law of descent, is not questioned. Congress provided that the lands should descend and directed how the heirs should be ascertained. It adopted the provisions of the Oklahoma statute as an expression of its own will—the laws of Missouri or Kansas, or any other State, might have been accepted. The lands really passed under a law of the United States, and not by Oklahoma's permission.

It must be accepted as established that during the trust or restrictive period Congress has power to control lands within a State which have been duly allotted to Indians by the United States and thereafter conveyed through trust or restrictive patents. This is essential to the proper discharge of their duty to a dependent people; and the means or instrumentalities utilized therein cannot be subjected to taxation by the State without assent of the federal government. *The Kansas Indians,* 5 Wall. 737; *Tiger* v. *Western Investment Co.,* 221 U. S. 286; *Choctaw, etc., R. R.* v. *Harrison,* 235 U. S. 292; *Hallowell* v. *Commons,* 239 U. S. 506; *Lane* v. *Mickadiet,* 241 U. S. 201; *Jefferson* v. *Fink,* 247 U. S. 288; *Blanset* v. *Cardin,* 256 U. S. 319; *United States* v. *Bowling,* 256 U. S. 484; *McCurdy* v. *United States,* 264 U. S. 484; *Sperry Oil Co.* v. *Chisholm,* 264 U. S. 488.

The decree below must be

*Affirmed.*