**ARENAS v. UNITED STATES.**

**No. 10219.**

Circuit Court of Appeals, Ninth Circuit.

June 30, 1943.

Rehearing Denied Aug. 4, 1943.

Oliver O. Clark, David D. Sallee, Harry Ashton, and Robert A. Smith, all of Los Angeles, Cal., for appellant.

Norman M. Littell, Asst. Atty. Gen., Norman MacDonald, Atty., Dept. of Justice of Washington, D. C., and Irl D. Brett, Sp. Asst. to Atty. Gen., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

The appellant is a member of the Agua Caliente Band of Mission Indians of the Palm Springs Reservation in Riverside, California. He claims the right to certain land described in his complaint on the theory that the same has been allotted to him by the Secretary of the Interior. He admits that the points raised by him were disposed of by this court adversely to his claim in the case of St. Marie v. United States, 9 Cir., 108 F.2d 876. He claims, however, that that decision was in error and also that this case may be distinguished from the former decision upon the ground that it is admitted in the case at bar "that there had been a determination that the Indians in question were sufficiently advanced so as to comply with the act" under which the allotments were made. That case was predicated upon the theory that until the Secretary of Interior approved the alleged allotments there was no right thereto vested in the alleged allottee. In this case we follow the decision heretofore made in the St. Marie case.

The appellant also urges that there is an estoppel on the part of the federal authorities to question the validity of the alleged allotment to the appellant. There is no merit in this contention. Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791; Yuma County Water Users' Ass'n v. Schlecht, 262 U.S. 138, 43 S.Ct. 498, 67 L.Ed. 909.

Affirmed.

DENMAN, Circuit Judge (concurring).

I concur. Congress by the Act of June 18, 1934, 25 U.S.C.A. § 461, has taken from the Secretary of Interior any power he theretofore had to allot lands, except with the consent of the tribe, such consent not here known to have been given. 25 U.S.C.A. § 478a. Unless Arenas had some legal or equitable right to the lands he claims, of which it would be a violation of the Fifth Amendment to deprive him, his claim here is invalid.

The Act of March 2, 1917, 39 Stat. 969, 976, does no more than change the acreage which the Secretary may allot under the Mission Indian Act of January 12, 1891, 26 Stat. 712. Under the latter Act the Indian has no such right of selection for the allotment and no such property right in the selected land as was given the Indians under the General Allotment Act of 1887, or its amendments, 25 U.S.C.A. §§ 331, 332, and as recognized in Sec. 1 of the Act of 1894, as amended, 31 Stat. 760, 25 U.S.C.A. § 345, and in such cases as Hy-yu-tse-milkin v. Smith, 194 U.S. 401, 24 S.Ct. 676, 48 L.Ed. 1039.

Under the Mission Indian Act a selection, made by the Secretary as a step in the allotment of land to some Indian, was not binding on the government. The Secretary could have made some other selection as a substitute for the same Indian. Only when an allotment was made did the allottee acquire any right in the land. Since there was no such action in Arenas' favor prior to 1934, he has no property right of any kind of which it could be construed that the Constitution forbids taking from him by the 1934 Act.