BAILESS, Co. Treas., v. PAUKUNE.

No. 34547.   Feb. 24, 1953.

*254 P. 2d 349.*

Frank Limerick, Co. Atty., Caddo County, and Brewster McFadyen, Anadarko, and R. F. Barry, Atty., for Oklahoma Tax Commission, for plaintiffs in error.

Hatcher & Bond and J. F. Hatcher, Chickasha, for defendant in error.

WELCH, J. This is an action by Juana Paukune to enjoin the county assessor of Caddo county, Oklahoma, from listing and assessing real estate located in Caddo county for ad valorem taxes, and to permanently enjoin the county treasurer of Caddo county from selling the land for delinquent taxes, and to strike said land from the tax rolls and to enjoin the board of county commissioners of Caddo county from claiming any right, title or interest in the lands by reason of the levy and assessment of ad valorem taxes against same. The trial court granted the injunction, and the defendants appealed.

In a former opinion this court affirmed, upon construction of the general Allotment Act of February 8, 1887, 24 Stat. 389, and, particularly, sec. 5 of that Act. Bailess v. Paukune, 206 Okla. 527, 244 P. 2d 1137. In that decision we quoted the statute and stated the facts.

On appeal from our decision the Supreme Court of the United States reversed on the theory that the purpose of such statutes is to furnish protection of Indians, not to furnish protection of nonIndians, and that since Juana is not an Indian the statute furnishes her land or her interest in the land no such protection from tax liability. Bailess v. Paukune, 344 U. S. 171, 73 S. Ct. 198, 97 L. Ed. 130.

The decision of that court is binding upon every one on this Federal ques-

tion. See Texas Co. v. Oklahoma Tax Commission, 207 Okla. 363, 249 P. 2d 982, and authorities therein cited.

Therefore, our former decision herein of April 29, 1952, Bailess v. Paukune, 206 Okla. 527, 244 P. 2d 1137, is overruled. The judgment of the trial court originally appealed from herein is reversed, and the trial court is directed to vacate its judgment for plaintiff and to dismiss plaintiff's action.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur. DAVISON and O'NEAL, JJ., dissent.

O'NEAL, J. (dissenting). It is my opinion, where the Supreme Court of the United States reverses a state court, that upon receipt of its mandate it becomes the duty of the state court to issue its mandate to the trial court, to which should be attached a copy of the high court's opinion, and directing the trial court to proceed in conformity with the said opinion.

I fully agree that on questions of Federal law, the decisions of the Supreme Court of the United States are binding upon this court; but I do not agree that the reversal of a state court's decision, such as is involved in this case, requires it to promulgate another opinion in the case. It is true there may be cases where another opinion of the state court would be necessary and proper, but this is not that type of case. The opinion of the high court speaks for itself and does not require an opinion by this court to vitalize or give it force of law in this state.

I am authorized to say that Mr. Justice DAVISON concurs with the above views.