**SEGUNDO et al.**

v.

**UNITED STATES et al.**

Civ. No. 11882.

United States District Court
S. D. California, Central Division.

June 28, 1954.

John W. Preston, John W. Preston, Jr., Los Angeles, Cal., Oliver O. Clark, Jack R. Mills, David D. Sallee, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Joseph F. McPherson, Asst. U. S. Atty., Los Angeles, Cal., Floyd L. France, Atty., Lands Division, Washington, D. C., August Weymann, Sp. Atty., Lands Division, Los Angeles, Cal., for defendant.

MATHES, District Judge.

It appearing to the court that:

(1) by virtue of the Treaty of Guadalupe Hidalgo, 9 Stat. 922 (1848), and the Mission Indian Act of January 12, 1891, 26 Stat. 712, the United States holds the lands involved in this action in trust for the Agua Caliente Band of Mission Indians;

(2) by the Act of February 8, 1887, 24 Stat. 388, the Act of January 12, 1891, 26 Stat. 712, the Act of June 25, 1910, 36 Stat. 859, and the Act of March 2, 1917, 39 Stat. 969, 976, the Secretary of the Interior is directed "to cause allotments to be made to the Indians on the Mission reservations." Arenas v. United States, 1944, 322 U.S. 419, 425, 64 S.Ct. 1090, 1093, 88 L.Ed. 1363;

(3) this Court has jurisdiction over controversies between the Secretary

of the Interior and those claiming to be entitled to allotments, "in relation to their right thereto," 25 U.S.C.A. § 345; 28 U.S.C. § 1353; Arenas v. United States, supra, 322 U.S. at pages 430, 432, 64 S.Ct. 1090; and has jurisdiction to decree an allotment which will stand in lieu of action by the Secretary in cases where the latter has unlawfully refused an allotment, *ibid.*;

■ (4) plaintiffs at bar, having been parties to St. Marie v. United States, 9 Cir., 1940, 108 F.2d 876, 880, are bound by the decision in that case under the doctrine of collateral estoppel as to all issues actually litigated therein between plaintiffs and the Government, Hatchitt v. United States, 9 Cir., 1946, 158 F.2d 754, 755, 757; see: Cromwell v. County of Sac, 1876, 94 U.S. 351, 24 L.Ed. 195; Restatement, Judgments, § 48 (1942);

(5) it was decided in the St. Marie case that the Wadsworth 1927 schedule of allotments gave plaintiffs no vested right in severalty to the parcels they had selected on that schedule, St. Marie v. United States, supra, 108 F.2d at page 880, and the Arenas litigation, Arenas v. United States, 9 Cir., 1943, 137 F.2d 199, reversed, 1944, 322 U.S. 419, 64 S.Ct. 1090, 88 L.Ed. 1365, on remand, D.C. S.D.Cal.1945, 60 F.Supp. 411, affirmed in part and reversed in part, 9 Cir., 158 F.2d 730, certiorari denied, 1946, 331 U.S. 842, 67 S.Ct. 1531, 91 L.Ed. 1853, did not change that decision, Hatchitt v. United States, supra, 158 F.2d 754;

(6) this court is bound under the doctrine of *stare decisis* by the decisions in the St. Marie, Hatchitt and Arenas cases cited supra;

(7) on April 8, 1948, the Assistant Secretary of Interior again directed the making of allotments of the land reserved for members of the Agua Caliente Band of Mission Indians;

(8) on May 18, 1948, plaintiffs allegedly made selections of allotments by letters addressed by them to Mr. Zimmerman of the Department of Indian Affairs in Washington;

(9) on July 21, 1948, the Secretary of Interior appointed Mr. Woehlke as Special Alloting Agent, and instructions for the making of allotments were given to him on September 24, 1948;

(10) on November 5, 1948, the Special Alloting Agent opened the tribal lands to allotment by giving notice to the members of the Band that allotment selections should be made; and between November 5, 1948, and December 17, 1948, the individual defendants at bar selected as their allotments certain parcels of land some of which conflict with plaintiffs' claimed prior selections of May 18, 1948;

(11) thereafter and on December 18, 1948, plaintiffs formally selected the parcels of land in controversy here, namely, the same parcels which they allegedly had already selected on May 18, 1948;

■ (12) as a general rule the first member of the Band to make a valid selection of a parcel prevails over a member who makes a later selection of the same parcel, in the absence of any preferential right in the later selector, see Hy-Yu-Tse-Mil-Kin v. Smith, 1904, 194 U.S. 401, 414, 24 S.Ct. 676, 48 L.Ed. 1039; First National Bank of Decatur, Nebraska v. United States, 8 Cir., 1932, 59 F.2d 367, 369;

■ (13) as a reasonable method of executing the Congressional mandate to allot the reservation lands in an equitable manner, it was the duty of the Secretary to provide within a reasonable time an orderly and equitable procedure leading to allotment [see 25 U.S.C.A. § 333];

■■ (14) assuming that the Secretary, in violation of his duty to allot the lands, failed promptly to set up such a procedure, mandamus was the proper remedy to compel action; and in fairness to other members of the Band, who waited to make their selections until the procedure of allotment was established, no Indian by self help could at an earlier time vest in himself any estate, legal or equitable, without either the approval

558

of the Secretary or a decree of this Court, United States v. Arenas, supra, 9 Cir., 158 F.2d at pages 748–749;

(15) plaintiffs' controversial May 18, 1948, letters to Mr. Zimmerman of the Department of Indian Affairs were premature and vested no rights in plaintiffs;

(16) the individual defendants, having made their selections at the proper time, after the lands had been formally opened for allotment and after a procedure for allotment had been provided by the Secretary, are the first in time to have made a proper and valid selection of the lands in controversy at bar and therefore are prior in right to plaintiffs; and the prayer of the complaint for a judgment declaring that plaintiffs' interest is superior to that of the individual defendants, and cancelling the trust patents heretofore issued to the individual defendants, must be denied;

(17) by 25 U.S.C.A. § 323 the Secretary of the Interior "is empowered to grant rights-of-way for all purposes, subject to such conditions as he may prescribe, ever and across any lands * * * held in trust by the United States for * * * Indian tribes, communities, bands * * * or any lands * * * owned, subject to restrictions against alienation, by individual Indians * * *";

■ (18) while 25 U.S.C.A. § 323 grants continual power over rights-of-way to the Secretary of the Interior [see 2 U.S.Code Cong. Service 1948, pp. 1033, 1036–1037], any exercise of that power necessarily may affect the quantity and quality of an allotment of land, so any abuse of administrative discretion in the exercise of it falls within the purview of 25 U.S.C.A. § 331 et seq., and hence is reviewable in this Court, 25 U.S.C.A. § 345; 28 U.S.C. § 1353;

■ (19) whenever it appears that the Secretary has abused the discretion reposed in him by 25 U.S.C.A. § 323, this Court has jurisdiction under 25 U.S. C.A. § 345 to adjudicate the resulting controversy between the Secretary and the allottees, and decree to the extent then necessary the precise location, nature, and extent of any rights-of-way appropriate to the use of allotted land;

■ (20) the evidence does not establish that the Secretary has abused his discretion in the granting of easements for flood control, utilities, roads and streets, but a comprehensive plan for such improvements has been administratively approved and is being executed, see Burke v. Southern Pac. R. Co., 1914, 234 U.S. 669, 709, 34 S.Ct. 907, 58 L.Ed. 1527, so plaintiffs' prayer for a declaration as to flood control channels, utilities, roads and streets must also be denied;

■ (21) an allotment of tribal land includes a just share of tribal water rights, United States v. Powers, 1939, 305 U.S. 527, 59 S.Ct. 344, 83 L.Ed. 330, and this Court has jurisdiction in this action to declare that a right to a just share of tribal waters is appurtenant to and accompanies an allotment of tribal land, 28 U.S.C. § 2201;

■ (22) it is the administrative duty of the Secretary of the Interior "to prescribe such rules and regulations as he may deem necessary to secure a just and equal distribution [of water] among the Indians * * *," 25 U.S.C.A. § 381; id. §§ 331, 382 et seq.; United States v. Powers, supra, 305 U.S. at page 533, 59 S.Ct. 344, and whenever it appears that the Secretary has failed or refused to perform this duty or has otherwise abused the discretion thus reposed in him by law, this Court has jurisdiction under 25 U.S.C.A. § 345 to adjudicate the resulting controversy between the Secretary and the allottees, by decreeing the precise nature and extent of all water rights appurtenant to and accompanying allotments of tribal land; and such decree "shall have the same effect, when properly certified to the Secretary of the Interior, as if such allotment had been allowed and approved by him * * *," 25 U.S.C.A. § 345; Arenas v. United States, supra, 322 U.S. at pages 429–430, 432, 64 S.Ct. 1090;

(23) the evidence shows that the Secretary has been remiss in performance of the duty imposed upon him by law, not only in the allotment of the land proper to the Agua Caliente Band of Mission Indians, but also by his failure even until now to allot water rights appurtenant thereto; but only a few members of the Band are parties to this action, and it appears that all members, if practicable, should be joined as parties to any action for equitable apportionment of the water rights appurtenant to the allotted land;

(24) since plaintiffs here cannot represent the interests of the unjoined members of the Band because of their conflicting claims to allotments, see Hansberry v. Lee, 1940, 311 U.S. 32, 44–45, 61 S.Ct. 115, 85 L.Ed. 22, and, the membership being relatively small, all could be joined as parties to an action, there is no basis for considering the case at bar to be a class action, Fed.Rules Civ.Proc. rule 23(a), 28 U.S.C.A.;

(25) the contention that orders withdrawing from allotment tribal land in Andreas Canyon and the Village Trailer Court are null and void will not be considered here, since plaintiffs at bar do not claim any selections from the land thus reserved from allotment, see: Gravelle v. United States, 8 Cir., 1918, 253 F. 549; Leecy v. United States, 8 Cir., 1911, 190 F. 289, appeal dismissed, 1913, 232 U.S. 731, 34 S.Ct. 603, 58 L.Ed. 818;

(26) in view of the wide disparity in value among various parcels of the tribal lands, depending largely upon proximity to the city of Palm Springs, the Secretary's orders limiting selections to seven acres in Section 14 and to five acres in Section 22 cannot reasonably be held an abuse of discretion in the equitable allotment of the lands, see: Act of March 2, 1917, 39 Stat. 969, 976, supra; Act of June 25, 1910, supra, 36 Stat. 855; Act of February 8, 1887, 24 Stat. 388;

(27) as to plaintiffs' nonconflicting selections of allotments, equitable title to this land vested in plaintiffs as of the date of the selections, see First National Bank of Decatur, Nebraska v. United States, supra, 8 Cir., 59 F.2d 367, and, as owners of the full equitable title, plaintiffs have an equitable right to all the income from such lands from the time of selection, since issuance of the trust patents is nothing more than a ministerial act, see United States v. Whitmire, 8 Cir., 1918, 236 F. 474, 480; hence the decree to be entered herein will require the Government to account to plaintiffs for such income, United States v. Arenas, supra, 158 F.2d at page 750;

(28) adjudication as to priority of claims as between plaintiffs and the individual defendants does not in any way limit the rights of plaintiffs to their just and equitable share of the tribal lands; and the decree to be entered herein will be predicated upon the assumption that after each plaintiff, who has not been allotted a proper share of land, has made permissible selections from lands available for allotment, the Secretary of the Interior will allot to each such plaintiff total lands of approximately equal value to the lands allotted to each other member of the Agua Caliente Band of Mission Indians, so that when the allotment and equalization process is completed each qualified plaintiff will have been allotted land of as nearly equal value as practicable to the land allotted to each other member of the Band.

Findings of fact, conclusions of law and judgment are ordered accordingly, and will be lodged by defendant with the Clerk pursuant to local rule 7 within twenty days.