Clemente SEGUNDO et al., Plaintiffs-Appellees,

v.

UNITED STATES of America et al., Defendants-Appellants.

No. 14671.

United States Court of Appeals, Ninth Circuit.

March 30, 1955.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., Perry W. Morton, Asst. Atty. Gen., for appellants.

John W. Preston, Los Angeles, Cal., Oliver O. Clark, La Canada, Cal., David D. Sallee, Santa Monica, Cal., for appellees.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellees, members of the Agua Caliente Band of Mission Indians, brought an action in the United States District Court[1] to compel the United States to allot them certain tribal lands. On September 30, 1954, the trial court made its findings of fact and conclusions of law and caused its judgment to be filed on the 8th day of October, 1954, and within 10 days thereafter appellees' attorney filed their "Notice of Motion to Amend Findings and Judgment."[2] The motion was submitted for decision on October 25, 1954, and was ruled upon December 1, 1954.

On November 29, 1954, the 60th day after entry of judgment[3] but before the

---

1. Segundo v. United States, 1954, 123 F. Supp. 554.

2. Under Rule 52(b) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., such motion must be made by a party not later than 10 days after the entry of judgment.

3. § 2107 of Title 28 U.S.C.A. provides: " * * * In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days from such entry." June 25, 1948, c. 646, 62 Stat. 963, amended May 24, 1949, c. 139, §§ 107, 108, 63 Stat. 104. See, also, Rule 73(a), Federal Rules of Civil Procedure, Title 28 U.S.C.A.

**298**

court had ruled on the motion, the United States filed its "Notice of Appeal", called by the United States its "protective appeal", from the adverse portions of the judgment of September 30, 1954. Thereafter, appellees filed in this court notice of their motion to dismiss the appeal on the ground that the notice of appeal was premature since it was filed prior to a ruling on the motion to amend. On December 14, 1954, after the court had ruled on the motion, the United States filed its second "Notice of Appeal", this appeal being from certain parts of the judgment inclusive of paragraph V [4] of the judgment, and paragraph (b) [5] of the order.

On December 28, 1954, appellees filed in this court their notice of motion to dismiss the appeal from paragraph V of the judgment and from paragraph (b) of the order on the ground that neither are appealable inasmuch as they are not final decisions.

■ Rule 73(a) of the Federal Rules of Civil Procedure [6] provides that time for appeal does not run while a motion is pending for amendment of the judgment or to make additional findings. It is apparent from the foregoing facts that the attempted appeal (protective appeal), filed before the court had ruled upon the motion to amend the findings of fact and judgment, was abortive and the motion to dismiss is granted.

■ The motion to dismiss the appeal which was noticed December 14, as to paragraph V of the judgment and paragraph (b) of the order, is also granted. Paragraph V and paragraph (b) are not final and therefore not appealable. They merely reserve power in the court to entertain motions of the attorneys of the appellee Indians for allowance of attorneys' fees and for the bringing in of other Indians under the litigation. Nothing is decided on either count. The appellants may oppose any attempt to have the court act under the reservations.

■ By statute,[7] United States Courts of Appeals will, in most instances,[8] refuse to entertain an appeal from any non-definitive judgment. Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. The court below acted in the reasonable exercise of its equitable discretion.

We direct the clerk to prepare an order dismissing appellants' "protective appeal", notice of which was filed November 29, 1954, and appellants' appeal, notice of which was filed December 14, 1954, from paragraph V of the judgment and paragraph (b) of the order.

---

4. Paragraph V reads: "That the court also retains equitable jurisdiction for the further purposes of determining the right of the attorneys of record for plaintiffs herein to receive reimbursement for their expenses and compensation for their services in this action and fixing the amount and securing the payment of the same."

5. Paragraph (b) reads: "That attorneys John W. Preston, Oliver O. Clark and David D. Sallee may present to the court, at any appropriate time, their petitions to receive reimbursement for their expenses and compensation for their services in this action."

6. Rule 73(a): "The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules * * * *or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact*, whether or not an alteration of the judgment would be required if the motion is granted; * * *. [Emphasis added.]" Rule 73(a), Federal Rules of Civil Procedure, Title 28 U.S.C.A.

7. Title 28 U.S.C.A. § 1291, June 25, 1948, c. 646, 62 Stat. 929.

8. Title 28 U.S.C.A. § 1292, June 25, 1948, c. 646, 62 Stat. 929.