## SALT RIVER PIMA–MARICOPA INDIAN COMMUNITY, Plaintiff–Appellant,

v.

YAVAPAI COUNTY, a political subdivision of the State of Arizona; Clair D. Barnett, Assessor of Yavapai County; Richard A. Jacobs, Treasurer of Yavapai County; the members of the Board of Supervisors, Carlton Camp, Bill Feldmeier, and Gheral Brownlow; Paul Waddell, Director of the Arizona Department of Revenue; and the State of Arizona, Defendants–Appellees.

No. 93–16975.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 1995.

Decided March 21, 1995.

Philip J. Shea, Shea & Wilks, Phoenix, AZ, for plaintiff-appellant.

Patrick Irvine, Asst. Atty. Gen., Phoenix, AZ, for defendants-appellees.

Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.

FLETCHER, Circuit Judge:

■ Plaintiff Salt River Pima–Maricopa Indian Community ("Community") appeals from a summary judgment for the defendants Yavapai County and the State of Arizona. The Community argues that the district court erred by finding that Yavapai County could impose ad valorem real and personal property taxes on the property of the Phoenix Cement Company located off the reservation. We have jurisdiction, 28 U.S.C. § 1291, and affirm.

## FACTS & PRIOR PROCEEDINGS

In 1987, the Community, a recognized Indian tribe, purchased the Phoenix Cement plant for approximately $55,000,000. The plant is located approximately 100 miles from the reservation in Yavapai County, and, with only a single exception, its labor force and management is non-Indian. The cement produced by the plant is sold on the open market, including some sales on the reservation. Yavapai County collects real and personal property tax on the cement plant under authority of state law. The property is owned directly by the Community, not held in trust by the United States.

Under Arizona's tax scheme, certain governmental entities are exempt from state taxation. Property owned by the federal government is exempt, as is property owned by Arizona and its county and municipal governments, including property outside their corporate limits. Arizona's tax exemption does not include property in Arizona owned by its sister states and their cities and counties or, most importantly here, off-reservation Indian property.

The Community sued Arizona and Yavapai county in federal district court, challenging Arizona's property tax levied against its cement plant. The Community argued that because it is similarly situated to Arizona's county and municipal governments, which are exempt from property taxes, the tax is discriminatory. Both the Community and the defendants moved for summary judgment. The district court granted the defendants' motion for summary judgment and dismissed the plaintiff's action. The Community timely appealed.

## DISCUSSION

The Community claims that Yavapai County's tax on its property located outside the reservation is discriminatory. We disagree.

We review a district court's grant of summary judgment de novo. *Jones v. Union Pac. R.R.*, 968 F.2d 937, 940 (9th Cir.1992). We will affirm the district court's grant of summary judgment if, viewing the facts in the light most favorable to the nonmoving party, there are no issues of material fact and summary judgment is appropriate as a matter of law. *Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

■ It is well-established that states have the right to impose taxes on Indian property located outside the boundaries of reservations, so long as the tax is nondiscriminatory. "Absent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State." *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 148–49, 93 S.Ct. 1267, 1270, 36 L.Ed.2d 114 (1973). States retain "the right to tax, unless Congress forbade it, all Indian land and Indian activities located or occurring 'outside of an Indian reservation.'" *Id.* at 149–50, 93 S.Ct. at 1271. A tax is discriminatory if it is not imposed equally upon similarly situated groups. *See generally First Federal S & L v. Massachusetts Tax Comm'n*, 437 U.S. 255, 260–62, 98 S.Ct. 2333, 2336–38, 57 L.Ed.2d 187 (1978) (applying "similarly situated" test to determine whether state tax is discriminatory); *United States v. City of Fresno*, 429 U.S. 452, 462, 97 S.Ct. 699, 704, 50 L.Ed.2d 683 (1977) (same). We conclude that the Community is similarly situated with Arizona's sister states and their cities and counties.

Most importantly, both Indian tribes and sister states exercise limited sovereignty that does not depend on a delegation of authority

from Arizona. *See id.; see also Worcester v. Georgia,* 31 U.S. (6 Pet.) 515, 559, 8 L.Ed. 483 (1832) (Indian tribes are "distinct, independent, political communities."). In contrast, Arizona cities and counties are subordinate entities created by the State. *See United States v. Wheeler,* 435 U.S. 313, 320, 98 S.Ct. 1079, 1084, 55 L.Ed.2d 303 (1978) (citing *Reynolds v. Sims,* 377 U.S. 533, 575, 84 S.Ct. 1362, 1388, 12 L.Ed.2d 506 (1964)). Consequently, a tax on Arizona cities and counties would be tantamount to a tax on Arizona itself.

In addition, Indian tribes and Arizona's sister states, like private property owners generally, lack governmental authority over their Arizona property. *See Mescalero Apache Tribe,* 411 U.S. at 148–49, 93 S.Ct. at 1270–71. In contrast, Arizona cities have the authority of a government over their land outside their corporate limits. *See* Ariz.Rev. Stat. § 9–401(A) (1994) (power to enforce ordinances in outside property); Ariz.Rev. Stat. § 9–461.11 (1994) (extraterritorial jurisdiction for planning purpose); Ariz.Rev.Stat. § 9–511(C) (1994) (right of eminent domain outside corporate limits).

Finally, because the tax falls upon nonexempt property owners generally, an important segment of the Arizona economy, there can be no claim that the tax impermissibly singles-out foreign governments and Indian tribes for discriminatory treatment. *See First Federal,* 437 U.S. at 261–62, 98 S.Ct. at 2337–38 (diverse composition of taxable class protects federal associations from discriminatory treatment).

In short, Arizona's tax on off-reservation property is not discriminatory because it "is imposed equally on the other similarly situated constituents of the State"—Arizona's sister states and their subordinate governmental entities. *City of Fresno,* 429 U.S. at 462, 97 S.Ct. at 704. Accordingly, we affirm the district court's summary judgment for the defendants.

AFFIRMED.