REQUESTED BY: John Thomas, Knox County Attorney
You have requested our opinion concerning the taxability of certain real estate in Knox County acquired by the Ponca Tribe of Nebraska. The deeds provided with your request indicate the properties were transferred to the Ponca Tribe of Nebraska [hereinafter the "Tribe"] in October, 1997. The real estate transfer statements you have provided indicate the real estate consists of improved and unimproved agricultural land. You ask whether the lands are subject to real property taxation.
With respect to the taxability of lands owned by Indian tribes outside Indian country, one leading commentator on Indian law has stated:
 Tribal property located outside the governmental jurisdiction of the tribe (that is, outside tribal Indian country) has been the subject of few contests over state taxes. Most tribal real property is associated with tribal Indian country and thus not subject to state taxing jurisdiction in any case. Some statutes specify that particular off-reservation interests shall be taxable or nontaxable. . . . [O]ff reservation interests have been assumed by all concerned to be taxable when unrestricted and previously taxable, and nontaxable when held in trust.
F. Cohen, Handbook of Federal Indian Law, 430 (1982 ed.) (emphasis added) (footnotes omitted).
"It is well-established that states have the right to impose taxes on Indian property located outside the boundaries of reservations, so long as the tax is nondiscriminatory."Salt River Pima-Maricopa Indian Community v. Yavapai County,50 F.3d 739, 740 (9th Cir. 1995). "Absent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to non-discriminatory state law otherwise applicable to all citizens of the State." MescaleroApache Tribe v. Jones, 411 U.S. 145, 148-49 (1973). This includes application of "a State's tax laws" to "tribal activities conducted outside the reservation. . . ." Id.
The information you have provided indicates the real estate is owned directly by the Tribe, not held in trust by the United States. Consistent with the foregoing authorities, the land is subject to property taxation.
If, however, the lands were held by the United States in trust for the Tribe, they would not be subject to taxation by the State. McCurdy v. United States, 264 U.S. 484 (1924); UnitedStates v. Rickert, 188 U.S. 432 (1902). In this regard, we note the potential effect of certain provisions of federal legislation enacted in 1990 to restore certain rights and privileges to the Tribe. 25 U.S.C. §§ 983 to 983h. Subsection (b) of § 983b. provides:
 The Secretary [of the Interior] shall accept not more than 1,500 acres of any real property located in Knox or Boyd Counties, Nebraska, that is transferred to the Secretary for the benefit of the Tribe. Such real property shall be accepted by the Secretary (subject to any rights, liens, or taxes that exist prior to the date of such transfer) in the name of the United States in trust for the benefit of the Tribe and shall be exempt from all taxes imposed by the Federal Government or any State or local government after such transfer. The Secretary may accept any additional acreage in Knox or Boyd Counties pursuant to his authority under the Act of June 18, 1934 (25 U.S.C. § 461 et seq.). (emphasis added).
In addition to this provision, § 983h. requires the establishment of an economic development plan for the Tribe. The plan is required to provide that "real property acquired by or for the Tribe located in Knox or Boyd Counties, Nebraska, shall be taken by the Secretary in the name of the United States in trust for the benefit of the Tribe; . . . ." 25 U.S.C. § 983h. (c)(1). While real property taken in trust by the Secretary is subject to "all legal rights and interests in such land held by any person at the time of acquisition of such land by the Secretary, including any lien, mortgage, or previously levied outstanding State or local tax" (25 U.S.C. § 983h.(c)(2)(A)), "any real property transferred pursuant to such plan shall be exempt from Federal, State, and local taxation of any kind."25 U.S.C. § 983h.(c)(3).
If the properties in question are taken in trust by the United States for the benefit of the Tribe pursuant to these federal statutes, the lands would be exempt from property taxation. If they are exempt for this reason, neither the Tribe nor the United States would be required to file an application for exemption, as the property cannot be taxed pursuant to federal law.[1]
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
APPROVED BY:
DON STENBERG
ATTORNEY GENERAL
John Thomas Knox County Attorney P.O. Box 41 Center, NE 68724-0041
[1] While it does not appear relevant to your request, we also note that property of "Indian housing authorities created under Indian law" is "exempt from all taxes and special assessments of the state or any city, village, or political subdivision thereof." Neb. Rev. Stat. § 71-1510(1) (1996). Thus, property of such housing authorities is also exempt from property taxation.